## LEVIN ET UX. *v.* FAVORITE

[No. 62, September Term, 1961.]

*Decided November 13, 1961.*

627

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Robert Parlett Conrad,* with whom were *Robert L. Sullivan, Jr.,* and *Sklar & Sullivan* on the brief, for appellants.

*Melvin J. Sykes,* with whom were *Dickerson, Nice & Sokol, Max Sokol* and *Emanuel H. Horn* on the brief, for appellee.

PER CURIAM.

This case was tried below by Judge Harlan, sitting without a jury, in the Baltimore City Court. The plaintiff-appellee instituted a suit at law, claiming damages for the alleged default of the defendants-appellants, in failing to consummate an executed contract of sale of leasehold property. Judge Harlan found for the plaintiff and awarded damages in the amount of $1,500, the difference between the contract price and the price at which the property was later sold to another party. The defendants appeal.

They contend that the trial court erred in failing to find (1) that there was a misrepresentation as to the zoning of the property on the part of the plaintiff-seller, and (2) that there was a mutual mistake of fact made by the parties, either of which would render the contract voidable at the option of the appellants-buyers. Both contentions center around the fact that the property was being used as seven apartments, or dwelling units, under a temporary certificate from the Building Inspection Engineer (which the appellant, Evelyn Levin, admitted reading), pending approval or disapproval "of the application after the building has been fully inspected," but was not actually zoned for use and occupancy as a seven-unit multiple family dwelling.

The case, in large measure, turns upon a proper determination of the facts involved. It will suffice to say that Judge Harlan found that the appellants had not "met the burden

to show there was any misrepresentation under all of the evidence; [and] that there [was] no evidence to show fraud * * *, nor [was] there any evidence to show a mutual mistake of fact * * *" [1] and, after a careful analysis of the evidence, we are unable to say that his findings were erroneous. Maryland Rule 886. What we have said above is, of course, a complete answer to the appellants' contentions.[2] Cf. *Dood v. Universal Realty Co.,* 215 Md. 261, 137 A. 2d 651.

However, in addition thereto, the terms of the written contract between the parties specifically provide that, "title [to the property] to be good and merchantable, free of liens and encumbrances * * * except: [as to] Use and occupancy restrictions of public record which are generally applicable to properties in the immediate neighborhood or the sub-division in which the property is located * * *." It is very generally stated that where a contract is executed in the face of a consciously considered risk as to the existence or non-existence of a certain fact, which risk is assumed by one party or the other, the contract may not be avoided, even where there is a mutual mistake as to the existence of the fact. Restatement, *Contracts,* § 502, Comment *f*; 4 Pound, *Jurisprudence,* 457; 3 *Corbin, Contracts,* Section 605; 91 C.J.S., *Vendor and Purchaser,* § 51 d (1). Cf. *Hill Sand & Gravel Co. v. Pallottine Fathers House,* 220 Md. 526, 154 A. 2d 821.

*Judgment affirmed, with costs.*

---

1. The quantum of proof in Maryland to establish a mutual mistake of fact sufficient to annul a contract is that such proof must be "clear and satisfactory." Dood v. Universal Realty Co., 215 Md. 261, 137 A. 2d 651.

2. With reference to contracts of the nature of the one involved herein, executed after October 1, 1961, see Ordinance No. 941 ordained by the Mayor and City Council of Baltimore (Baltimore City Code (1950), Article 40, Section 46 A.).